**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Robert T. WORD, Defendant–Appellant.**

No. 00–2688.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 12, 2000.

Decided Jan. 2, 2001.

Before BAUER, POSNER, and KANNE, Circuit Judges.

### ORDER

Pursuant to a warrant, police officers searched known felon Robert Word's home both for items stolen during a recent burglary and illegal drugs. The search produced numerous firearms, which Word moved to suppress. In denying Word's motion, the district court concluded that the search warrant was supported by probable cause and, alternatively, that the challenged evidence was admissible under the good-faith exception of *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). Word conditionally pleaded guilty to possessing a firearm after being convicted of a felony, 18 U.S.C. § 922(g), reserving his right to appeal the district court's denial of his motion to suppress. We affirm.

In considering Word's challenge to the search of his home, we first ask whether the district court clearly erred in determining that the good-faith exception to the exclusionary rule applies. *United States v. Spry*, 190 F.3d 829, 834 (7th Cir.1999). Under *Leon*, the exclusionary rule will not bar evidence obtained pursuant to a search warrant unless the magistrate who issued the warrant abandoned his neutral and detached role in issuing it, or unless "the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." *Leon*, 468 U.S. at 926, 104 S.Ct. 3405.

In the ordinary case, "an officer cannot be expected to question the magistrate's probable-cause determination." *United States v. Carter*, 999 F.2d 182, 186 (7th Cir.1993). Here, the amount of first-hand and corroborating information in the

supporting affidavit counters Word's argument that this is one of those extraordinary situations in which the officers should have questioned the magistrate's finding of probable cause. The affidavit states that, within the last week, a named individual observed property stolen from a local store at Word's home and that, within the last seventy-two hours, a confidential informant purchased illegal drugs at Word's home. Moreover, the named individual's description of a stolen item she saw at Word's home tallied with one of the items missing from the store. Although we agree with Word that the affidavit could have been drafted more precisely, there is no indication, nor does Word argue, that the officers were dishonest or reckless in preparing it or that the magistrate abandoned his detached and neutral role in issuing the warrant. Accordingly, the good-faith exception to the exclusionary rule applies and we need not decide whether the warrant was supported by probable cause.

AFFIRMED.